IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY W. MUNDY,

    Plaintiff,                      No. CIV S-10-1884 DAD

    vs.

MICHAEL J. ASTRUE,               <u>ORDER</u>
Commissioner of Social Security,

    Defendant.
                                  /

This social security action was submitted to the court without oral argument for ruling on plaintiff's amended motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's motion is granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

**PROCEDURAL BACKGROUND**

On June 19, 2006, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), alleging disability beginning on June 20, 2005. (Transcript (Tr.) at 28, 76-81.) Plaintiff's application was denied initially on October 16, 2006, and upon reconsideration on March 14, 2007. (<u>Id.</u> at 54-57, 61-66.) A hearing was held before an Administrative Law Judge (ALJ) on June 2, 2008. (<u>Id.</u> at 24-51.) Plaintiff was

1

represented by counsel and testified at the administrative hearing.  In a decision issued on August 6, 2008, the ALJ found that plaintiff was not disabled.  (Id. at 15-20.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since June 20, 2005, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq*.).
>
> 3.[1]
>
> 4. The claimant has the following severe impairments: cervical spine degenerative disk disease.  (20 CFR 404.1520(c)).
>
> 5. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).
>
> 7. The claimant is capable of performing past relevant work as a construction superintendent.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 8. The claimant has not been under a disability, as defined in the Social Security Act, from June 20, 2005 through the date of this decision (20 CFR 404.1520(f)).

(Id. at 17-20.)

On May 19, 2010, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Id. at 1-4.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 16, 2010.

/////

---

[1] This paragraph number was left blank, just as it appears here, in the ALJ's decision.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues that the ALJ committed the following three principal errors in finding him not to be disabled: (1) the ALJ rejected a significant limitation assessed by an examining physician without a legitimate basis for so doing and the appeals counsel rejected updated medical opinion evidence without discussion; (2) the ALJ rejected plaintiff's own testimony regarding his subjective complaints and functional limitations without a convincing reason for so doing; and (3) the ALJ failed to properly assess plaintiff's residual functional capacity and failed to utilize the expertise of a vocational expert (VE) and, as a result, erroneously found plaintiff capable of performing his past relevant work. Each of these arguments are addressed below.

I.      **Medical Opinions**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining

4

health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d at 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. The ALJ, however, need not give weight to a treating physician's conclusory opinion supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (affirming rejection of a treating physician's "meager opinion" as conclusory, unsubstantiated by relevant medical documentation, and providing no basis for finding the claimant disabled); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

"The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830. An examining physician's uncontradicted opinion, like a treating physician's, may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Id. at 830-31. Finally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." Id. at 831 (emphasis in original).

Here, plaintiff contends that in finding him capable of performing light work the ALJ tacitly rejected the September 18, 2006 opinion of examining physician Dr. Jane Wang, by

1  failing to refer to Dr. Wang's limitation that, "[n]o overhead activities are permitted on the right

2  upper extremity"  (Tr. at 197.)

3          With respect to Dr. Wang's opinion, the ALJ stated:

> As for the opinion evidence, the undersigned gives considerable weight to the medical source statement resulting from the consulting orthopedic examination–which found that despite some abnormalities the claimant remained quite functional–at least to the extent he remained capable of performing activities consistent with a wide range of "light" exertion.

(Id. at 19.)

        In her September 18, 2006 opinion, Dr. Wang described plaintiff's functional limitations in full as follows:

> the claimant could walk eight hours in an eight-hour workday. There are no restrictions to sitting.  No assistive device is required.
>
> The claimant could be expected to lift and carry 50 pounds on an occasional basis and 25 pounds on a frequent basis.  No overhead activities are permitted on the right upper extremity.
>
> There are no restrictions to bending or stooping, while crouching and kneeling are permitted on a frequent basis.
>
> There are no limitations to manipulative tasks on the left, while on the right grasping, reaching, and handling are permitted on a frequent basis, with no limitation to feeling and fingering.
>
> There are no visual, communicative or workplace environmental limitations.  The claimant can continue to drive as tolerated.

(Id. at 197.)

        The ALJ's finding that plaintiff was capable of performing the full range of light work as defined in 20 C.F.R. 404.1567(b) is entirely consistent with Dr. Wang's full opinion.[2]

---

[2] 20 C.F.R. 404.1567(b) provides that:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this

Indeed, Dr. Wang noted that plaintiff could be expected to lift and carry 50 pounds on an occasional basis and 25 pounds on a frequent basis, which exceeds the requirements of light work.[3]

While it is true that the ALJ failed to specifically discuss Dr. Wang's limitation that "[n]o overhead activities are permitted on the right upper extremity," (id. at 197) that limitation may be considered to be a non-exertional limitation.[4] See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) ("The inability of a claimant to lift his arms above ninety degrees may be considered a non-exertional limitation.") (citing Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 580 (9th Cir. 1988)).  An ALJ must account for non-exertional limitations only if they "significantly limit the range of work permitted by [plaintiff's] exertional impairments." Desrosiers, 846 F.2d at 576-77.

The ALJ's failure to specifically discuss Dr. Wang's non-exertional limitation that plaintiff was limited to no overhead activities involving his right upper extremity was harmless because that limitation would not have significantly limited the range of work permitted by

---

> category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

[3] In this regard, plaintiff's limitations indicated by Dr. Wang in her opinion are consistent with the exertional requirements of medium work. See 20 C.F.R. § 404.1567(c).

[4] Exertional limitations include impairments that affect the strength demands of jobs such as sitting, standing, walking, lifting, carrying, pushing, and pulling. 20 C.F.R. § 404.1569(b); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.6 (9th Cir. 1989).  Non-exertional limitations include "postural and manipulative limitations such as difficulty reaching, handling, stooping, climbing, crawling, or crouching." Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir. 2006). See also 20 C.F.R. § 404.1569a(c)(vi); Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) ("If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids.").

1  plaintiff's exertional impairments.  See Ramirez v. Astrue, No. 1:09cv01508 DLB, 2010 WL

2  3734002 at *12 (E.D. Cal. Sept. 21, 2010) (limitation to occasional overhead reaching with right

3  upper extremity did not represent a significant non-exertional impairment); Summers v. Comm'r

4  of Social Sec., No. CIV S-08-1309-CMK, 2009 WL 2051633 at *23 (E.D. Cal. July 10, 2009)

5  (limitation to no frequent forceful overhead reaching with the left upper extremity did not

6  represent a significant non-exertional limitation on plaintiff's ability to perform unskilled light

7  work); Martin v. Barnhart, No. CV F 05-0862 LJO, 2006 WL 1748589 at *17 (E.D. Cal. June 26,

8  2006) (limitation to occasional overhead reaching on the right did not represent a significant non-

9  exertional impairment); cf. Bruton, 268 F.3d at 828 (suggesting that under some circumstances

10 an inability to lift arms above ninety degrees may be considered a significant non-exertional

11 impairment).  Because any error by the ALJ in this regard was harmless, remand is not required.

12 See generally Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (if

13 ALJ's error was inconsequential to the ultimate nondisability determination, no remand

14 required); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not

15 be reversed for errors that are harmless."); Batson v. Comm'r Soc. Sec., 359 F.3d 1190, 1197

16 (9th Cir. 2004) (finding an error harmless where it did not negate the validity of the ALJ's

17 ultimate conclusion).

18          Plaintiff also argues that the Appeals Council erred by summarily dismissing the

19 September 8, 2008 supplemental opinion of Dr. Pasquale Montesano, who examined plaintiff

20 and stated:

21          Clearly, I think he's totally disabled, and I don't think he is able to
            work in his present state.  More likely than not, he's going to need
22          to have at least a two level; perhaps a three level, anterior cervical
            discetomy, fusion, and plating.
23

24 (Tr. at 211.)  Dr. Montesano's opinion was new evidence submitted by plaintiff to the Appeals

25 Council and was not before the ALJ.  However, in denying plaintiff's request for review the

26 Appeals Council stated:

>In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
>We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Id. at 1-2.)

When the Appeals Council denies review, the decision of the ALJ is the final decision. Russell v. Brown, 856 F.2d 81, 83-84 (9th Cir. 1988). However, any new evidence considered by the Appeals Council in denying the request for review becomes part of the administrative record for review by this court. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); see also Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (the court may properly consider the additional materials because the Appeals Council addressed them in the context of denying appellant's request for review). To justify a remand, the claimant must show that the new evidence is material, i.e. that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001).

New evidence is "material," if the court finds a reasonable possibility that considering the evidence would have changed the disability determination. See Mayes, 276 F.3d at 462; Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984). Unless it is probative of plaintiff's condition at or before the disability hearing, new evidence is not material. See 42 U.S.C. § 416(i)(2)(G); Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir. 1987) (holding that new evidence was not material because it related to a medical condition not significantly at issue at time of hearing).

Here, the September 8, 2008 opinion of Dr. Montesano is arguably material. Dr. Montesano reviewed plaintiff's May 18, 2006 MRI, the same MRI reviewed by Dr. Wang, and concluded that plaintiff was "totally disabled" and would need "a two level; perhaps a three level, anterior cervical discetomty, fusion, and plating." (Tr. at 211.) Given the nature of Dr.

Montesano's findings, the court cannot say that there is no reasonable probability that had the ALJ been presented with this evidence it would not have changed his disability determination. Nonetheless, a determination that this evidence is material is not dispositive.

A federal district court should remand a case to the Commissioner to consider material new evidence if good cause exists for its absence from the prior record. 42 U.S.C. § 405(g); Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984). "Good cause" requires more than "simply . . . obtaining a more favorable report from an expert witness once [a] claim is denied. The claimant must establish good cause for not seeking the expert's opinion prior to the denial . . . ." Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990) (citing Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985)). See also Mayes, 276 F.3d at 462  For example, good cause exists if new evidence earlier was unavailable, in the sense that it could not have been obtained earlier. Embrey v. Bowen, 849 F.2d 418, 423-24 (9th Cir. 1988).

Here, plaintiff has offered no argument or explanation as to why he did not obtain and present an opinion from Dr. Montesano at the administrative hearing before the ALJ. As noted above, Dr. Montesano's opinion was based upon his review of plaintiff's May 18, 2006 MRI which was in existence long before the June 2, 2008 administrative hearing. Instead, it appears that only after the ALJ rendered his decision finding plaintiff not disabled, did plaintiff seek a more favorable medical opinion from Dr. Montesano. Accordingly, the court finds that plaintiff has failed to establish that good cause exists for the absence of Dr. Montesano's opinion from the prior record. See Mayes, 276 F.3d at 463 ("A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied . . . . The claimant must also establish good cause for not having sought the expert's opinion earlier."); Clem, 894 F.2d at 332.

For the reasons stated above, plaintiff is not entitled to summary judgment in his favor on his claim that both the ALJ and the Appeals Council erred in their treatment of the medical opinion evidence.

II. **Plaintiff's Testimony**

It is well established that once a claimant has presented medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the symptoms are unsupported by objective medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). In evaluating a claimant's subjective testimony regarding the severity of his symptoms, the ALJ may, of course, consider the presence or absence of supporting objective medical evidence, along with other factors. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc); see also Smolen, 80 F.3d at 1285. However, "'the ALJ can reject the claimant's testimony about the severity of [his or] her symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting Smolen, 80 F.3d at 1281). See also Light, 119 F.3d at 792. Thus, absent affirmative evidence of malingering, the reasons for rejecting a claimant's testimony must be clear and convincing. Morgan, 169 F.3d at 599.

In the present case, the record establishes that plaintiff's medically determinable impairments could reasonably be expected to produce plaintiff's symptoms of pain and functional limitations, a fact acknowledged by the ALJ in his decision. (Tr. at 18.) Accordingly, the ALJ was required to evaluate the intensity, persistence, and limiting effects of plaintiff's symptoms to determine the extent to which they limit plaintiff's ability to engage in basic work activities.

In this regard, the ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effect of plaintiff's symptoms were not credible to extent they were inconsistent with the RFC assessment that plaintiff is capable of performing light work. The ALJ cited plaintiff's testimony that despite his alleged constant pain, he can stand for one to two hours, though sometimes not more than fifteen minutes, and that he could perform substantial lifting while other times he cannot. (Id. at 19.) The ALJ also found that plaintiff's credibility

regarding the alleged severity and "chronicity" of his pain was undermined by the fact that plaintiff has had no medical treatment for approximately a year and a half at the time of the administrative hearing and testified that he takes pain medication only when his pain is really bad, which corresponded to only once or twice a month. (Id.) The ALJ also cited examining physician Dr. Wang's opinion, which found that despite some abnormalities, plaintiff remained capable of performing activities consistent with a wide range of light exertion. (Id.)

The court finds that the ALJ made specific findings in support of his reasons for rejecting plaintiff's statements to the extent that those statements asserted limitations inconsistent with the ability to perform light work. The reasons given by the ALJ are based on consideration of matters the ALJ is permitted to consider under the applicable law and regulations. See 20 C.F.R. § 404.1529(a) ("We will consider all of your statements about your symptoms, such as pain, and any description you . . . may provide about how the symptoms affect your activities of daily living and your ability to work."); Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that the ALJ properly relied on objective medical evidence and medical opinions in determining credibility); Meanel, 172 F.3d at 115 (noting that a likely consequence of debilitating pain is inactivity and that a likely consequence of inactivity is muscular atrophy); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (holding that the ALJ may consider the conservative nature of treatment in evaluating a claimant's subjective complaints); Bunnell, 947 F.2d at 346-47 (including effectiveness of medication, treatment other than medication, the claimant's daily activities, and ordinary techniques of credibility evaluation among the factors that may be considered by the ALJ in assessing the credibility of allegedly disabling subjective symptoms).

For these reasons, the court finds that the ALJ rejected plaintiff's statements on permissible grounds and did not arbitrarily discredit plaintiff's testimony regarding his subjective symptoms. The reasons given by the ALJ for doing so are clear and, because they are properly supported by the record, convincing. Therefore, plaintiff is not entitled to summary judgment in

1  his favor with respect to his argument that the ALJ erred in rejecting plaintiff's testimony
2  regarding his subjective complaints and functional limitations without convincing reasons for so
3  doing.

### III. Past Relevant Work

Plaintiff argues that the ALJ erred in concluding that he had the RFC to perform the full range of light work by failing to recognize examining physician Dr. Wang's limitation that plaintiff could not perform overhead activities on the right extremity and by improperly rejecting plaintiff's statements concerning his symptoms and the intensity, persistence, and limiting effects of pain. In this regard, plaintiff argues that had the ALJ properly assessed plaintiff's RFC the ALJ would have recognized the need for testimony from a vocational expert.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" Carmickle v. Comm'r, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make specific findings as to: (1) "the claimant's residual functional capacity"; (2) "the physical and mental demands of the past relevant work"; and (3) "the relation of the residual functional capacity to the past work." Id. at 845; Social Security Ruling ("SSR") 82-62. But the ALJ is not required to make "explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed." Pinto, 249 F.3d at 845.

Here, the ALJ made specific findings as to the relation of plaintiff's RFC to his past relevant work as a construction superintendent, stating:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed. The Dictionary of Occupational Titles describes the claimant's past relevant work as involving light physical exertion, at Code

1    182.167-026.  Further, as described by the claimant he had to lift
     very seldom, up to 20 pounds, and performed other work-related
2    functions that are consistent with his present residual functional
     capacity for light exertion.  (See, Ex. C-4E).

(Tr. at 19.)

As noted above, however, the ALJ's failure to discuss Dr. Wang's non-exertional limitation that plaintiff was limited to no overhead activities involving his right upper extremity was harmless since that limitation would not have significantly limited the range of work permitted by plaintiff's exertional impairments.  Moreover, for the reasons addressed above, the court has found that the ALJ did not improperly reject plaintiff's statements concerning his symptoms and the intensity, persistence, and limiting effects of pain.  Accordingly, the ALJ was not required to obtain testimony from a vocational expert.  See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (testimony from vocational expert is not required if claimant can perform past work); Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996) ("At the most, the Commissioner need use a vocational expert only if there is an absence of other reliable evidence of the claimant's ability to perform specific jobs.").

Therefore, for the reasons stated above, plaintiff is not entitled to summary judgment in his favor with respect to his claim that the ALJ erred in failing to properly assess plaintiff's residual functional capacity, in failing to utilize the expertise of a vocational expert and in finding plaintiff capable of performing his past relevant work on.

## CONCLUSION

The undersigned has found that plaintiff is not entitled to summary judgment on any of his arguments.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 15) as amended (Doc. No. 16) is denied;

/////

2. Defendant's cross-motion for summary judgment (Doc. No. 19) is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: September 30, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.socsec/mundy1884.order